IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE MILNER, and <br> JASON MILNER <br><br> Plaintiffs, <br><br> v. <br><br> EAGLE MATERIALS INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-23-423-PRW <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court are Defendant Eagle Materials' Motion to Dismiss (Dkt. 10); Plaintiffs' Motion to Remand (Dkt. 13); and Plaintiffs' Motion to Strike (Dkt. 14).

### *Background*

Plaintiffs filed this case before the District Court of Jackson County, Oklahoma, asserting claims against Defendant American Gypsum Company, LLC ("American Gypsum") and its parent company Defendant Eagle Materials Inc. ("Eagle Materials") for nuisance, trespass to land, and negligence. The claims arise out of American Gypsum's mining operations taking place near Plaintiffs' home in Duke, Oklahoma. Plaintiffs assert the same claims against Defendants John Toler, Lyndell Cole, and Titus Overman (the "Employee Defendants"), employees of American Gypsum who worked in supervisory roles at the Duke location.

American Gypsum removed the case to this Court on the basis of diversity of citizenship of the parties. American Gypsum concedes that Plaintiffs and the Employee

1

Defendants are citizens of Oklahoma but argues that Plaintiffs fraudulently joined the Employee Defendant, and therefore that their citizenship should be disregarded for purposes of the diversity analysis. American Gypsum moved for dismissal for failure to state a claim (Dkt. 10). Plaintiffs then filed their Motion to Remand (Dkt. 13), disputing that the Employee Defendants are fraudulently joined. For the reasons stated below, the Court concludes that American Gypsum has not met the high burden of proving fraudulent joinder, and that this case must be remanded to Oklahoma state court. As such, the Court does not reach the merits of the Motion to Dismiss (Dkt. 10).

### *Legal Standard*

As relevant here, to establish fraudulent joinder American Gypsum "must show that there is no possibility of recovery by the plaintiffs against the instate defendants"[1]—here, the Employee Defendants. The Court must decide if there is a "reasonable basis to believe plaintiff[s] might succeed in at least one claim against the non-diverse defendant[s]."[2] "The

---

[1] *Hyman v. Travelers Home & Marine Ins. Co.*, No. CIV-13-820-D, 2014 WL 111942, at *1 (W.D. Okla. Jan. 10, 2014); *see Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("[T]he removing party must demonstrate . . . [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This burden on Defendants comports with the normal rule that the removing party bears the burden of establishing federal jurisdiction. *See Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("[Removing] Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal."). American Gypsum does not argue that there was "actual fraud in the pleading of jurisdictional facts," a separate basis for a finding of fraudulent joinder. *See Dutcher*, 733 F.3d at 988.

[2] *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[3]

Typically, "removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal." [4] But where a party specifically alleges fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[5] That the Court may pierce the pleadings, however, "does not mean that the federal court will pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[6]

### Discussion

American Gypsum argues that Plaintiffs' claims against the Employee Defendants have no possibility of succeeding because the Employee Defendants' alleged actions occurred in the course of their employment with American Gypsum. The parties agree that the general rule under Oklahoma law is that "an employer is liable for the torts of its employee occurring in the course and scope of employment, although the employee is

---

[3] *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[4] *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (cleaned up); accord *Hyman*, 2014 WL 111942, at *1.

[5] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[6] *Id.* (quoting *Dodd*, 329 F.2d at 85).

personally immune from suit."[7] The parties also agree that Oklahoma law recognizes exceptions to this rule, and that there are some circumstances in which both an employer and an employee may be liable. Those circumstances typically arise where an employee takes on an individual duty to the injured party separate and aside from his occupation, or where the scope of his employment places him in a special relationship to the injured party.[8] The exception commonly arises in premises liability cases, when employees charged with keeping a store clean and safe are held liable for breaching the standard duties that property owners owe to visitors.[9]

American Gypsum notes that this is not a premises liability case; there is no allegation that Plaintiffs ever stepped foot on its property. It goes on to argue that the Employee Defendants owed no special or individual duty to Plaintiffs: the Employee Defendants' alleged actions occurred squarely within the scope of their employment, as reflected in the lack of any claims exclusively lodged against the Employee Defendants rather than the defendants collectively.

---

[7] *Hooper By and Through Hooper v. Clements Food Co.*, 694 P.2d 943, 944 (Okla. 1985); *see also Seitsinger v. Dockum Pontiac Inc.*, 894 P.2d 1077, 1079–80 (Okla. 1995) (discussing a similar rule in the corporate context).

[8] *See Walker v. Mathews*, 775 P.2d 273 (Okla. 1988). Intentional torts or other wrongs can also open the door to individual liability, *see Rogers v. Brummett*, 220 P. 362, 365 (Okla. 1923).

[9] *See, e.g.*, *J.C. Penney Co. v. Barrientez*, 411 P.2d 841, 849–50 (Okla. 1965); *Fine v. Braniff Airways, Inc.*, 302 F. Supp. 496 (W.D. Okla. 1969).

Plaintiffs respond that there are paragraphs within the nuisance and trespass to land claims that levy factual allegations specifically against the Employee Defendants.[10] In their briefs, Plaintiffs argue that the Employee Defendants had individual duties to prevent harm to Plaintiffs given their supervisory roles at the mining operation.

Upon review of the parties' submissions and relevant Oklahoma law, the Court finds that American Gypsum has not met its heavy burden of demonstrating that the Employee Defendants were fraudulently joined to this action. Oklahoma courts have applied an exception to the vicarious liability rule to a wide variety of factual contexts and legal duties.[11] Resolving all disputed issues of fact and law in Plaintiffs' favor, the Court cannot say with complete certainty that their claims against the Employee Defendants, however unlikely, are doomed to failure. Accordingly, diversity jurisdiction is not satisfied, and the case must be remanded.

## *Conclusion*

For the reasons given above, the Court concludes that American Gypsum has not met its burden to demonstrate fraudulent joinder. Plaintiff's Motion to Remand (Dkt. 13) is **GRANTED**. American Gypsum's Motion to Dismiss (Dkt. 10) and Plaintiffs' Motion to Strike (Dkt 14) are **DENIED AS MOOT**. The Court Clerk is hereby directed to remand this action to the District Court for Jackson County, Oklahoma.

---

[10] Compl. (Dkt. 1-2), ¶¶ 31, 60.

[11] Indeed, a line of state law not cited by either party suggests that employees may be personally liable for maintaining a nuisance that they have individual control over. *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1026 (10th Cir. 2007); *Duncan v. Flagler*, 132 P.2d 939, 941 (Okla. 1942).

**IT IS SO ORDERED** this 13th day of February 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE